# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-_____

CATHERINE ROBERTSON

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

     Defendant.

---

## NOTICE OF REMOVAL

---

Defendant, State Farm Mutual Automobile Insurance Company, through its counsel, L. Michael Brooks, Jr. of Wells, Anderson & Race LLC and under 28 U.S.C.S. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the District Court, El Paso County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, State Farm states as follows:

### I. INTRODUCTION

1.     On March 23, 2020, Plaintiff, Catherine Robertson, filed this action against State Farm in the District Court of El Paso County, Colorado, entitled *Catherine Robertson v. State Farm Mutual Automobile Insurance Company*, Case No. 2020CV030624.

2.     Robertson asserted that she is a resident of the State of Colorado. **Ex. A**, Complaint ¶ 1.

3.     Robertson served State Farm with the Summons and Complaint on April 20, 2020. **Ex. B**, Affidavit of Service.

4.      State Farm's Notice of Removal is filed within the time limits of 28 U.S.C.S. §

1446(b)(3). Thirty days following April 20, 2020, is May 20, 2020. Thus, State Farm's Notice of

Removal is timely.

5.      The district courts of the United States have original jurisdiction over this action

based on 28 U.S.C.S. § 1332, because diversity of citizenship exists between Robertson and

State Farm, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and

costs. Under 28 U.S.C.S. §1441, the United States District Court for the District of Colorado is

the appropriate court for filing a notice of removal from the District Court, El Paso County,

Colorado, where this action is pending, as the Complaint concerns a motor vehicle accident that

occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP

6.      Under 28 U.S.C.S. §§ 1332 and 1441, defendants may remove an action on the

basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all

named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*,

546 U.S. 81, 84 (2005). To be a citizen of a state within the meaning of the diversity statute, a

natural person must both be a citizen of the United States and be domiciled within the state.

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

7.      For purposes of diversity jurisdiction, a person is a citizen of a state if the person

is domiciled in that state. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). An

individual's residence alone does not establish his or her domicile. *Hasan v. AIG Prop. Cas. Co.*,

935 F.3d 1092, 1098 n.3 (10th Cir. 2019). A person acquires domicile in a state when the person

resides there and intends to remain there indefinitely. *Middleton*, 749 F.3d at 1200.[1] In determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors might shed light on the subject in any given case. *Id.* at 1200-01. This includes the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. *Id.* at 1201 (quotation omitted).

8.      In her Complaint, Robertson avers that she is a resident of El Paso County, Colorado. **Ex. A**, Complaint ¶ 1. She lives at 11 Oak Place, Manitou Springs, CO 80829-2528, which she and Jason Jimmie Gorman purchased in May of 2015. **Ex. C**, Real Estate Transactions May 4 – May 10, Colorado Springs Gazette, July 6, 2015; **Ex. D**, El Paso County Tax Assessor Records for 11 Oak Place, Manitou Springs, CO (redacted). Upon diligent search, counsel has not found any other state of residency for Robertson.

---

[1] Historically, the meaning of the word "domicile" is "the technically preeminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined." *Williamson v. Osenton*, 232 U.S. 619, 625 (1914) (Holmes, J.). Where an individual has resided in a state for a considerable time, being engaged in the prosecution of business, he or she may well be presumed to be a citizen of such state. On a change of domicile from one state to another, citizenship may depend upon the intention of the individual. "[T]his intention may be shown more satisfactorily by acts than declarations. An exercise of the right of suffrage is conclusive on the subject; but acquiring a right of suffrage, accompanied by acts which show a permanent location, unexplained, may be sufficient." *Shelton v. Tiffin*, 47 U.S. (6 How.) 163, 185 (1848) (McLean, J.).

9.      Robertson registered to vote in Colorado on September 26, 1995. **Ex. E**, Colorado

Secretary of State Voter Registration Information (redacted). She remains on the list of active

Colorado voters since that time. *Id.*

10.      Robertson's averments regarding Colorado residency, consistent ownership of

property in Colorado, and longstanding voter registration in Colorado, are sufficient to establish

Robertson's Colorado citizenship.

11.      State Farm is an Illinois corporation with its principal place of business in Illinois.

*See* **Ex. F**, Certificate of Good Standing from the Office of the Secretary of State, State of

Colorado, indicating that State Farm is an Illinois corporation; **Ex. G**, Restated Articles of

Incorporation of State Farm Mutual Automobile Insurance Company, stating that State Farm's

principal place of business is in Illinois; **Ex. H**, State Farm's Corporate Disclosure Statement.

State Farm is thus a citizen of Illinois. *See* 28 U.S.C.S. § 1332(c)(1). Therefore, complete

diversity of citizenship exists between Robertson and State Farm.

### III. AMOUNT IN CONTROVERSY

12.      Under 28 U.S.C.S. § 1332(a), diversity jurisdiction is proper because Robertson is

seeking a monetary judgment in excess of the $75,000 minimum amount in controversy

requirement.

13.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by

section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the

amount in controversy." 28 U.S.C.S. § 1446(c)(2).

14.      The amount in controversy must be determined by the allegations of the

complaint or, where they are not dispositive, by the allegations in the notice of removal. *See*

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

15.     Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

16.     The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

17.     Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

18.     Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Likewise, a court should consider the statutory double damages of Colo. Rev. Stat. § 10-3-1116 when a plaintiff alleges an extra-contractual claim pursuant to that statute. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110-11112 (D. Colo. 2012)).

19.     This case arises from an alleged motor vehicle accident. *See* **Ex. A**, Complaint ¶ 3. Robertson is seeking underinsured motorist benefits under an insurance policy. *See id.* ¶ 4. Robertson contends that the insurance policy at issue provides uninsured and underinsured motorist coverage with policy limits of $100,000 per person and $300,000 per accident. *Id.* ¶ 7.

20.     Robertson claims that she is entitled to recover an amount two times the covered benefit, plus reasonable attorney fees and costs under Colo. Rev. Stat. § 10-3-1116. *See id.* ¶ 13.

21.     Before suit was filed, Robertson's counsel directed a settlement demand to State Farm, saying "we are in a position to resolve this matter for policy limits (which we understand to be $100,000.00) to resolve this claim…." **Ex. I**, Settlement Offer Excerpt.

22.     Given that Robertson has a policy with $100,000 limits, made a policy-limits demand, claims that State Farm unreasonably delayed or denied payment of covered benefits,

and now see seeks statutory double damages and attorney fees, the foregoing demonstrates that

Robertson is seeking damages in excess of the $75,000 jurisdictional threshold.

### IV. CONCLUSION

23.      Given the amount of damages Robertson seeks from State Farm, State Farm has

shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that

the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

24.      Under 28 U.S.C.S. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current

docket sheet and of all pleadings, process, and orders in the State Court case file of which

Defendant is aware will be filed with this Notice. There are no pending motions or hearings set

in the State Court action.

25.      Under 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with

the Clerk of the District Court, El Paso County, Colorado, and a copy is being served on counsel

for Robertson, as indicated on the attached Certificate of Service.

26.      State Farm states that no waiver and no admission of fact, law, or liability,

including without limitation, the amount of damages, if any, is intended by this Notice of

Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, hereby

removes this action from the District Court, El Paso County, State of Colorado, to the United

States District Court for the District of Colorado.

Dated:  May 15, 2020

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

*S/ L. Michael Brooks, Jr.*

By:  L. Michael Brooks, Jr., Esq.
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: mbrooks@warllc.com

Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

*[Original Signature on File at the Law Office of
 Wells, Anderson & Race, LLC]*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020 I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, which will send notice of such filing to the persons who have filed appearances in this action, including the following counsel of record:

Douglas P. Price, Esq.
HEUSER & HEUSER, LLP
625 North Cascade Avenue, Suite 300
Colorado Springs, CO 80903
Telephone: 719-520-9909
*Attorneys for Plaintiff*

*S/ Karen M. Zajac*

By: Karen M. Zajac, Legal Assistant
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212

*[Original Signature on File at the Law Office of
 Wells, Anderson & Race, LLC]*